COMPAÑÍA AZUCARERA DEL TOA, DEMANDANTE Y APELANTE, *v.* GALÁN ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera en pleito sobre acción confesoria de servidumbre.

No. 2004.—Resuelto en julio 30, 1920.

SERVIDUMBRE DE PASO—SIGNO APARENTE DE SERVIDUMBRE—TERCERO.—La existencia de un signo aparente de servidumbre, cuando el camino está claramente definido por razón de los hechos físicos y puede verse por cualquier persona que inspeccione los terrenos, constituye suficiente aviso para los terceros; pero la mera existencia de algunas veredas y ramificaciones y su uso más o menos intermitentemente, disfrutado por los causantes de los demandantes o sus representantes en el presente caso con permiso de los anteriores dueños de la finca que ahora pertenece a los demandados, no constituye para los terceros un aviso suficiente de la existencia de una servidumbre de paso.

ID.—FINCA SIN SALIDA A CAMINO PÚBLICO.—El solo hecho de que una de las colindancias de una finca sea el mar y otra un río más o menos navegable que sirve de medio de transporte de los frutos de dicha finca, no excluye la posibilidad de que ésta pueda encontrarse sin salida a camino público por estar enclavada entre otras de distintos dueños.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. F. Soto Gras.*

Abogado de los apelados: *Sr. L. Llorens Torres.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La "Compañía Azucarera del Toa" estableció una acción para que se reconociera la existencia y constitución de una servidumbre y alegó en substancia que la demandante es dueña de cierta finca rústica descrita en la demanda que anteriormente formaba parte de otra finca de mayor cabida nombrada "Rosario" limitada al norte por el mar; al sur con El Pueblo del Dorado y otros terrenos; al este con el río de la "Plata;" y al oeste en parte con la propiedad llamada "Santa Bárbara" que ahora pertenece a Pizá Hermanos; que una parte de la primitiva finca a la cual se ha hecho referencia en último término pertenece ahora a los demandados y limita al norte con la propiedad de la demandante; al sur con El Pueblo del Dorado; al este con el río de la "Plata" y al oeste con la propiedad .de Pizá Hermanos; que en la finca "Rosario" existe hace más de treinta años un camino privado, abierto por sus dueños, para beneficio y explotación de la finca, y mantenido por los sucesivos dueños; y que ese camino va de norte a sur, o desde el mar al pueblo; que los citados dueños de la finca "Rosario" por medio de escritura pública hicieron la partición y división de la misma, adjudicándose a cada uno una parte en terrenos; que durante la comunidad en la "Rosario" y al cesar la misma, los partícipes continuaron usando el dicho camino; y en la escritura de división no se hizo constar nada contra la existencia del mismo, ni pacto alguno contra su uso, o modo diferente de usarlo, ni reserva alguna a favor de condueño o adjudicatario, ni se hizo constar nada en ese sentido al enajenarse los lotes de cada condueño; que parte del referido camino está enclavada en la finca de la demandada, y tiene una longitud de 715 metros por una anchura de seis metros, y colinda por el norte con la finca de la demandante, por el sur El Pueblo del Dorado y por el este y oeste la finca de la demandada; y el resto del camino en los terrenos de la demandante; que desde que se abrió el camino

no se ha establecido en él cambio o alteración alguna, ni en su forma ni en su uso; que la demandante ha venido utilizando el camino en beneficio y para la explotación de su finca, en la forma y modo en que se venía usando por los anteriores dueños, sin oposición o traba alguna; que la finca descrita como de la demandante, fué por ésta dada en arrendamiento a los señores Pizá Hermanos, que han venido usando el referido camino en la misma forma que la demandante y sus predecesores en la propiedad; que hace seis meses la parte ahora demandada, contra la voluntad de la demandante, ha cerrado el camino en el punto en colindancia con la propiedad de la demandante a la que ha privado del uso de tal camino por sí y por sus arrendatarios, con perjuicio de sus intereses y privándola de salida al pueblo; y la demandada sigue usando el camino en su exclusiva utilidad.

La demanda también contenía el siguiente párrafo:

"Que a mayor abundamiento de lo expuesto, hemos de alegar que la finca de la compañía demandante o sean los dos lotes de terreno de referencia, está enclavada entre otros lotes de terreno de los que componían la finca Rosario, no teniendo otra salida a camino público, fuera del camino privado que atraviesa la ameritada finca 'Rosario,' parte de la cual es hoy propiedad de la demandada doña Rosa Blanca Galán y Mejía; de tal modo que cerrado este camino, interceptado y obstruído por la acción de los demandados, queda la finca de la compañía demandante incomunicada por no tener ninguna otra salida a camino público."

Los demandados en su contestación negaron las alegaciones esenciales de la demanda, alegando además, entre otras cosas, lo siguiente:

"Que la finca 'Rosario' de 606 cuerdas, y como se describe en la demanda formaba un solo cuerpo o lote de terrenos para pastos y ganado hasta el 24 de octubre de 1883, y en los diez años anteriores a esa fecha, y durante esos diez años perteneció en comunidad a varios propietarios; y al efectuarse en la fecha citada la división de la finca no existía en ella más camino que un callejón que conducía, y hoy conduce, desde el pueblo del Dorado hasta la casa vivienda y establecimientos de la finca, usándose sólo para ir hasta

los establecimientos y para paso de personas y ganado; y en el resto de la finca no había otro camino; y al dividirse la finca no había más signo de camino que el indicado callejón.

"Que después de la división de la finca en 24 de octubre de 1883, el terreno que es ahora de la demandante no quedó clavado entre otras fincas de la comunidad propietaria del inmueble antes de la división, sino colindando por una parte con el mar, por otra con el río Toa o de la Plata, por otra con terrenos de Santa Bárbara, hoy de Pizá Hermanos, y por otra con la finca que es hoy de la demandada; y que la finca de Pizá Hermanos se halla situada entre la finca de la demandante y un camino público que conduce del Dorado al mar; y había y hay un camino vecinal que conduce del pueblo del Dorado al mar y cruza la finca de Pizá Hermanos; y ese camino y la vía fluvial son las salidas más fáciles, cortas y cómodas para la finca de la demandante.

"Alega que los demandados son terceros y que la servidumbre no se halla inscrita en el registro y que ni la demandada ni su esposo han tenido intervención o conocimiento de actos o contratos entre los anteriores dueños de su finca y los de la demandante, y cuando compró la demandada su finca no existió en ella signo aparente de la servidumbre que se reclama.

"Alega que la finca de la demandante tiene dos salidas a camino público; una fluvial, el río de la Plata, navegable en toda la colindancia con la demandante y hasta el puente de ferrocarril y terrenos de la demandante, a uno y otro lado del río, pudiéndose navegar por éste en lanchas de gasolina y ancones; y además un camino vecinal y público que se usa de tiempo inmemorial para toda clase de transporte y que va desde el Dorado hasta el mar, por terrenos de Santa Bárbara, hoy de Pizá Hermanos, situados entre finca de la demandante y la carretera del Dorado y que tal camino se ha venido usando por la demandante, como única salida para peones y frutos, por más de veinte años así como la vía fluvial.

"Alega que en todo caso, la salida más fácil y cómoda de la finca de la demandante no es a través de la finca de la demandada, por lo que el camino sería de 3174 pies en recta mientras que por el de la Santa Bárbara sería de 2575 pies solamente.

Los hechos como fueron declarados probados por el juez sentenciador son en parte como siguen:

"La finca de la demandante se halla arrendada a Pizá Hermanos por escritura pública de 9 de agosto de 1913 ante el notario Sr. Soto

Gras, por seis años que se cuentan de primero de julio de 1911, prorrogables por cinco años más. En la escritura de arrendamiento no se encuentra mención alguna de servidumbre de paso a favor de esta finca.

"La corte encuentra probado que a través de la hacienda Santa Bárbara de Pizá Hermanos hay un camino de fácil acceso para la finca de la demandante, y que conduce directamente a la carretera o camino del Dorado y es también un hecho indudable que por ese camino se viene realizando desde hace unos diez años servicios de la finca de la demandante, y pasando peonaje y carros de la misma finca. Se ha probado también que la finca de la demandante tiene servicio para sacar sus frutos por el Río, y que ha sacado la demandante frutos de esa finca por la vía fluvial citada.

"No se ha probado que existiera en la finca que es hoy de la demandada otro camino o paso, más que el que conducía desde el Dorado hasta la casa y establecimientos de la finca 'Rosario' en la parte que es hoy de la demandada. El paso más adentro, por camino, no se ha probado, y menos como un derecho establecido a favor de la finca que es hoy de la demandante. La circunstancia de que en épocas diversas hayan pasado peones a través de la finca y previo permiso no demuestra nada en favor de la existencia de una servidumbre. Se ha llamado la atención de la corte acerca de que en una certificación de mensura hecha por el agrimensor Sr. Padilla Dávila, e inserta en la escritura de 3 de mayo de 1889, Exhibit H de la demandante de venta de finca por Dolores Azrazain a Rosa Echeveste, aparece citado el 'callejón general de la Rosario. Basta saber que se habla de ese callejón como uno de los puntos de la colindancia; que se dice en la misma certificación 'siguiendo este callejón' y estudiar el plano para ver que no es ese el paso o camino de Norte a Sur que ahora se pide en la demanda.

"No resulta probado que al adquirir la finca doña Rosa Blanca Galán, hubiere en tal finca signo aparente alguno de servidumbre de paso a favor de la propiedad o predio que es hoy de la demandante, ni que la hubiera cuando compraron doña Rosa Torrens y don Pedro Martorell. Al establecerse el expediente de dominio en favor de doña Rosa Torrens y los hermanos Martorell tampoco se hizo reclamación alguna para que constara la pretendida servidumbre. Y no aparece probado ante la corte que antes de ser la finca, en participaciones diversas, de don Pedro Martorell y doña Rosa Torrens hubiera tal signo aparente de servidumbre. Con relación al tiempo en que poseía doña Rosa Torrens es para la corte un he-

cho probado que si alguien pasaba por la finca era mediante permiso de la propietaria y no de otro modo.

"No se ha probado que la finca de la demandante quede encerrada entre otras de la demandada y sin salida a camino público. La prueba demuestra que la demandante ha utilizado en sus servicios tanto el río, con el que colinda, y por el que sacaba la demandante parte de sus frutos para molerse en la factoría, que también tiene fácil acceso al río, como un camino a través de la hacienda Santa Bárbara que se ha venido usando largos años, que conduce a la carretera, que es más corto que el que ahora pretende la demandante. Esta finca Santa Bárbara es propia de Pizá Hermanos, la misma social que es arrendataria actualmente de la finca a cuyo favor se pretende la servidumbre."

El único error que ha sido alegado es que la corte cometió error al resolver en contra de la demandante la cuestión de hecho.

La acción establecida por la demandante se basa en el artículo 548 del Código Civil, el cual prescribe lo siguiente:

"La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que al tiempo de separarse la propiedad de las dos fincas se exprese lo ·contrario en el título de enajenación de cualquiera de ellos, o se haga desaparecer aquel signo antes del otorgamiento de la escritura."

Nos inclinamos a convenir con la apelante en que el "signo aparente" priva de la condición de terceros a las personas que adquieren el predio sirviente y que la existencia del camino, de estar claramente definido por razón de los hechos físicos y que puede verse por cualquier persona que inspeccione los terrenos, constituye suficiente aviso para tal comprador. 13 L. R. A. (N. S.) 132; 8 *Idem.* 418.

Para los fines de esta opinión puede admitirse que de ser cierta la prueba de la demandante, establece un caso *prima facie* aunque en cierto modo vago y defectuoso en detalles en cuanto a las indicaciones físicas sobre el terreno y que la prueba de la defensa no es tan persuasiva como pudiera

desearse. Pero las conclusiones del juez sentenciador,·*supra*, indican claramente que él admitió como cierta la prueba de la defensa, lo que tenía derecho a hacer, y desde este punto de vista no podemos decir que la sentencia sea contraria a la prueba. La mera circunstancia de que los testigos de la demandante son personas de reputación financiera y social y que los de los demandados no son tales ciudadanos tan prominentes no constituye suficiente razón para que se revoque la sentencia. Y aparte de esta distinción y de cierta diferencia natural en la forma de las declaraciones debido a los diferentes grados de inteligencia y educación no encontramos razón alguna para modificar la conclusión a que llegó la corte sobre la cuestión principal.

El lenguaje empleado por el juez sentenciador al discutir el grado de prueba que era necesaria para establecer la existencia aparente de una servidumbre podría estar sujeto a crítica en un caso en que el alegado predio sirviente no hubiera pasado de unas manos a otras; pero cuando se alega la existencia del camino como la única prueba de título contra compradores sucesivos de tal propiedad parece razonable que la corte sentenciadora exija que el hecho quede claramente establecido.

En el presente caso, de decir la verdad los testigos de la defensa, hasta la fecha de la división de la primitiva finca y subsiguientes traspasos de la parte de la cual ahora son dueños los demandados, el camino en cuestión no quedó definitivamente establecido y claramente definido sino desde el pueblo hasta la casa de vivienda y por algunos centenares de metros más allá donde habían otros edificios y establecimientos. Estos testigos admiten la existencia de ciertas veredas de animales y ramificaciones que conducen al norte desde este punto hacia el mar y el uso más o menos intermitente de estas veredas por los causantes de la demandante o por sus arrendatarios y empleados con permiso de los anteriores dueños de la finca que ahora pertenece a los deman-

dados.  Estamos de acuerdo con el criterio sustentado por la corte sentenciadora de que algo más de eso es necesario para constituir un aviso de la existencia de una servidumbre en cuanto a terceras personas que tengan que intervenir con el alegado predio sirviente.

Pero no podemos estar de acuerdo con la conclusión a que llegó la corte sentenciadora de que no se demostró que la finca de la demandante estuviera "enclavada entre otras pertenecientes a distintos dueños," dentro del significado del artículo 571 del Código Civil.  El párrafo de la demanda a que acabamos de hacer referencia fué considerado tanto por la corte inferior como por los demandados como una causa separada y distinta de acción y como tal fué resuelto por la sentencia declarando sin lugar la demanda.

La prueba demostró que la finca de la demandante tenía las colindancias que se describen en la demanda.  El mero hecho de que una de las colindancias así indicadas es el mar y otra un río más o menos navegable que sirve de medio de transportación para la entrega de las cañas a la central donde se muelen no excluye el caso del artículo de referencia.  No se hizo verdadero esfuerzo por demostrar que ya el mar o el río era un sustituto conveniente para el paso a través de las fincas del demandado.  Toda la prueba en cuanto a alguna otra salida fué prácticamente referente al alegado camino a través de la finca "Pizá."  De toda la prueba aparece razonablemente claro que la ruta más corta y directa y la más usada como medio de comunicación con el pueblo del Dorado desde la fecha de la partición hasta la fecha del arrendamiento a Pizá Hermanos sino por un período considerable subsiguiente es el que atraviesa los terrenos de los demandados.  No se ha demostrado que la demandante tenga más derecho a pasar por la finca de Pizá que el que pueda tener para cruzar la finca de los demandados.  El mero hecho de que Pizá Hermanos como arrendatarios de la demandante por su propia conveniencia han pasado por su

.misma finca y permitido a sus empleados hacer esto ya para llegar a la estación del ferrocarril o desvío o con cualquier otro objeto no afecta al derecho de la demandante en este caso, ni nada tiene que ver el hecho de que durante muchos años el demandante o los trabajadores de la finca que vivían en la propiedad de la demandante hayan utilizado el camino que ahora utiliza Pizá Hermanos, o que a veces y para ciertos fines también el río como camino más directo a través de la finca de los demandados.

La sentencia en tanto determina el derecho de la demandante a una servidumbre de paso de acuerdo con el artículo 571 .no puede subsistir. Ya que el caso haya de ser devuelto o no o que esta corte lo resuelva por sus méritos depende de otras circunstancias.

No se insistió mucho en la alegada segunda causa de acción durante el curso de la prueba directa de la demandante, sino que surgió de un modo algo más completo en la contra-prueba para contradecir la presentada por la defensa en cuanto a la existencia de otro paso por la finca perteneciente a Pizá Hermanos. En la demanda no se hace oferta alguna de pagar una compensación por el establecimiento de una servidumbre de acuerdo con las prescripciones del artículo 571 del Código Civil consistente en el importe "de los perjuicios que se causen." Es cierto que el artículo 574 del Código Civil prescribe que "si adquirida una finca por venta, permuta o partición quedara enclavada entre otras del vendedor, permutante o copartícipe, estos están obligados a dar paso sin indemnización salvo pacto en contrario." También puede ser que el párrafo de la demanda citado en último término tuviera por objeto hacer que el caso quedara comprendido dentro del alcance de este artículo. Pero los demandados insisten en que cuando la porción retenida por el "vendedor, permutante o copartícipe" pasa a manos de terceras personas no surge como consecuencia la obligación. El alegato de la apelante no da una contestación satisfac-

toria a esta sugestión y no es de la incumbencia de este tribunal hacer una investigación independiente del asunto para refutar la argumentación del abogado de los demandados. Los demandados alegan la existencia de otro camino por la propiedad de Pizá Hermanos por ser el más corto y conveniente medio de entrada y salida, pero no solicitan que Pizá Hermanos sea hecha parte en la acción. Hubo cierta prueba para mostrar que la distancia desde la propiedad de la demandante a cierto camino público por la otra vía sugerida era algo más corta que la del camino que va por la finca de los demandados pero no hubo prueba en cuanto a la distancia desde el punto de intersección del otro alegado camino con tal camino público que conduce al pueblo, ni en cuanto a la conveniencia relativa de los dos caminos en conjunto, incluyendo tales trechos indeterminados de camino público a la luz de las necesidades de la finca perteneciente a la demandante. En el reciente caso de *Nin v. Rucalleda et al.*, resuelto en junio 1 de 1920, (pág. 542), se discuten los principios que regulan tales cuestiones.

En el presente caso no hay nada que si quiera demuestre si el terreno ocupado por la servidumbre que se alega de acuerdo con el artículo 548 es un sitio adecuado para el establecimiento de un derecho de paso, de conformidad con el artículo 571. La demandante, según parece, como alegación jurisdiccional, indudablemente refiriéndose a la servidumbre que trata de establecer de acuerdo con las prescripciones del artículo 548, alega que tiene un valor mayor de $1,000. Uno de los demandados dice "que no vendería" los terrenos poseídos por su esposa, la otra demandada, o por la sociedad conyugal, a $400 la cuerda. Ninguna de estas manifestaciones tuvo la intención de sugerir una estimación adecuada de los daños y perjuicios y apenas sería justo para ninguna de las partes proceder a determinar una compensación partiendo de tal base.

Resulta pues que aunque tanto la demandante como los de-

mandados, así como la corte inferior han procedido en gran parte basados en la teoría de que hay dos causas de acción envueltas sin embargo, solamente una de éstas fué desarrollada debidamente en el juicio y los autos no revelan base muy satisfactoria para la resolución final de la otra por esta corte sobre sus méritos.

La sentencia apelada en tanto se refiere a la alegada segunda causa de acción debe ser revocada y el caso devuelto para ulteriores procedimientos que no sean incompatibles con esta opinión, y confirmada en todos los demás particulares.

*Revocada la sentencia apelada en cuanto a la llamada segunda causa de acción, devolviéndose el caso para ulteriores procedimientos y confirmada en los demás particulares.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.